IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS L. SMITH and HELEN S. STARCHIA, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 11-126-SLR ) |
| PATRICIA A. MEYERS, et al., | ) ) ) |
| Defendants. | ) ) |

Dennis L. Smith. Selbyville, Delaware and Helen S. Starchia, Dagsboro, Delaware. Pro se Plaintiffs.

William J. Dunne, Esquire, Community Legal Aid Society, Inc., Wilmington, Delaware. Counsel for Defendant Patricia A. Meyers.

Shannon Thee Hanson, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for Defendant United States District Judge Leonard P. Stark.

Ralph K. Durstein, III, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Chancellor William B. Chandler, III.

**MEMORANDUM OPINION**

Dated: February 16, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs Dennis Lee Smith ("Smith") and Helen S. Starchia ("Starchia") (together plaintiffs") filed this lawsuit alleging "extrinsic fraud/fraud on court and invidious racial discrimination," as well as violations of the Thirteenth and Fourteenth Amendments and civil rights statutes. 28 U.S.C. §1343(a)(3); 42 U.S.C. §§ 1985(3), 1986, 1988; 42 U.S.C. §§ 2000a-1, 2000a-2, 2000a-3. (D.I. 1, 11) Pending before the court are motions to dismiss and motions to strike. (D.I. 5, 14, 22, 24, 27) For the following reasons, the court will grant the motions to dismiss and deny the motions to strike.

## II. BACKGROUND

Plaintiffs filed this action against nominal defendant Patricia A. Meyers ("Meyers"), Hon. Leonard S. Stark ("Judge Stark")[1] and Hon. William B. Chandler, III ("Chancellor Chandler")[2] (together "the judicial defendants").[3] (D.I. 1, 11) Plaintiffs have removed and/or filed numerous cases in this court. The instant lawsuit is one in a series concerning an underlying State court action between plaintiffs and Meyers, a case that plaintiffs have unsuccessfully attempted to remove to this court on numerous occasions.[4] See Meyers v. Smith, Civ. No. 09-579-JJF; Myers v. Smith, Civ. No. 10-199-

---

[1] Judge, United States District Court for the District of Delaware.

[2] Former Chancellor, Court of Chancery of the State of Delaware. Former Chancellor Chandler retired as Chancellor on June 17, 2011. http://courts.state.de.us/Chancery/judges.stm.

[3] Plaintiffs request a three judge court pursuant to Local Rul 9.2. The court determines that three judges are not required. See 28 U.S.C. § 2284.

LPS; *Myers v. Smith*, Civ. No. 11-329-SLR. In addition, plaintiffs have filed numerous lawsuits alleging violations of their civil rights, all related to the underlying State case and all having been dismissed. *See Smith v. Farnan*, Civ. No. 10-830-LPS (D. Del. May 27, 2011); *Smith v. Stark*, Civ. No. 11-257-SLR (D. Del. May 9, 2011); *Smith v. Meyers*, Civ. No. 09-814-LPS (D. Del. Mar. 30, 2010); *Smith v. Meyers*, Civ. No. 07-525-JJF (D. Del. Mar. 5, 2008).

---

[4]This dispute serves as the keystone for most of plaintiffs' federal litigation and concerns real estate ("the property") located in Sussex County, Delaware. *See Meyers v. Smith*, C.A. No. 4739-VCL (Del. Ch.). From the hundreds of pages of documents filed in this court by plaintiffs in their numerous cases, it appears that Smith was a friend of the Meyers family and held himself out to be a representative of Meyers (at times claiming a power of attorney) in various real estate transactions, e.g., in dealing with lessees on the property. On January 5, 2004, a document captioned "Sale of Complete Inherited Rights And Authorities to Real Estate Property" was executed by Smith and Meyers, whereby Meyers, "for good consideration and in payment of the sum of ONE DOLLAR ($1.00) lawful money," sold and transferred to Smith her "complete inherited rights and authorities of her 'one (1) share' of real estate property, as described and to any other degree which is allowed in George A. Evans' 'Last Will and Testament' dated December 1, 1989, concerning" the property. (*Meyers v. Smith*, Civ. No. 09-579 at D.I. 1) Two deeds followed, one executed on April 7, 2005 transferring the property from Meyers to Smith, and a second executed on July 8, 2005 transferring the property from Smith to Starchia. On July 13, 2009, Meyers filed a lawsuit in the Court of Chancery of the State of Delaware, asserting claims under Delaware law for breach of fiduciary duty, common law fraud, undue influence, and exploitation of an infirm adult. Meyers sought, *inter alia*, an order rescinding the deeds transferring the property to Smith and Starchia. On April 26, 2011, the Court of Chancery entered a final judgment in favor of Meyers and against plaintiffs; rescinded the deeds from Meyers to Smith and from Smith to Starchia; and reinstated the original deed to Meyers. (Civ. No. 11-380-SLR at No. D.I. 3, ex.) A corrected order and final judgment was entered on February 9, 2012 that further declared void and rescinded sale documents that were overlooked in the April 26, 2011 judgment. (D.I. 11-329-SLR, D.I. 20 at exs. A and B) The corrected order became necessary after entry of the April 26, 2011 final judgment when, in December 2011, Smith used the sale documents in an effort to transfer title to the property into his name. (*Id.* at ex. B)

As in their other cases, plaintiffs allege a racially motivated "chain link conspiracy" with jurisdiction resting upon 28 U.S.C. § 1331[5] and § 1343(a)(3);[6] 42 U.S.C. § 1985(3),[7] § 1986,[8] § 1988,[9] § 2000a-1,[10] § 2000a-2,[11] and § 2000a-3;[12] and 18 U.S.C. § 241[13] and § 2383.[14] (D.I. 1, 1) Counts one through three allege unconstitutional and illegal double standards of the established local standard practice in violation of 18

---

[5]Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[6]Section 1343(a)(3) provides for original jurisdiction in the district court "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress."

[7]A civil statute for conspiracy to interfere with civil rights in depriving persons of rights or privileges.

[8]Section 1986 provides for a cause of action when a defendant knows of conspiracy to interfere with civil rights and, having power to prevent or aid in preventing commission of same, neglects or refuses to do so.

[9]Section 1988 provides that the federal cause of action is governed by appropriate "laws of the United States," but if such laws are unsuitable or inadequate, state-law rules are borrowed unless a particular state rule is inconsistent with the Constitution and laws of the United States."

[10]Prohibits discrimination or segregation required by any law, statute, ordinance, regulation, rule or order of a State or State agency.

[11]Prohibits deprivation of, interference with, and punishment for exercising rights and privileges secured by § 2000a or § 2000a-1.

[12]Provides for injunctive relief whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by § 2000a-2.

[13]A criminal statute for conspiracy against rights.

[14]A criminal statute providing for prosecution of rebellion or insurrection.

U.S.C. § 2383 and federal appellate rules of procedures. In addition, plaintiffs seek civil preventive relief and a permanent injunction pursuant to 42 U.S.C. § 2000a-3. Finally, plaintiffs allege extrinsic fraud, fraud on the court, and invidious racial discrimination pursuant to 42 U.S.C. § 2000a-1.

This lawsuit is related to the second attempt at remand, *Myers v. Smith*, Civ. No. 10-199-LPS, assigned to the Hon. Joseph J. Farnan ("Judge Farnan") prior to his retirement and later reassigned to Judge Stark upon his elevation to District Judge. Judge Farnan remanded *Meyers v. Smith*, Civ. No. 4739-MG (Del. Ch.) to the Court of Chancery of the State of Delaware on May 12, 2010. (Civ. No. 10-199-LPS at D.I. 22, 23) Following remand, plaintiffs filed twenty motions in the case. In denying plaintiffs' motion for reconsideration of the May 12, 2010 remand order, Judge Stark observed in his December 23, 2010 order that once the matter was remanded, he lacked jurisdiction to adjudicate the merits of the case. The order characterized plaintiffs' motions as "vexatious, abusive of the system, and in many instances duplicative." (Civ. No. 10-199-LPS at D.I. 91) The court advised plaintiffs that "future filings will be docketed, but not considered by the court." (*Id.*) When plaintiffs filed additional motions on January 10, 2011, they were denied as moot. On January 3, 2011, former Chancellor Chandler, who was hearing the State remanded matter, issued a scheduling order and set trial for March 16, 2011. On February 25, 2011 former Chancellor Chandler reassigned the State case to Vice Chancellor Laster. Meyers submitted a medical record in the State case that plaintiffs allege is fraudulent.

4

Plaintiffs claim fraud, fraud on the court, discrimination, and civil rights violations, alleging Meyers committed extrinsic and fraud on the court when she submitted a fraudulent medical record in the State case; Judge Stark was without constitutional jurisdiction to rule on the post-remand motions in Civ. No. 10-199-LPS; and because this court lacked constitutional jurisdiction to remand to the Court of Chancery, former Chancellor Chandler was without constitutional jurisdiction to enter orders in the State case. Plaintiffs seek compensatory damages, injunctive relief to stop the remand and to enjoin the orders entered by former Chancellor Chandler in State court.[15]

Former Chancellor Chandler moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), for lack of federal jurisdiction over the subject matter, and 12(b)(6), for failure to state a claim upon which relief may be granted. Judge Stark moves for dismissal pursuant to Fed. R. Civ. P. 12(b) by reason of judicial immunity. Meyers moves for dismissal for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). (D.I. 5, 14, 24)

Plaintiffs move to strike former Chancellor Chandler's and Meyer's motions to dismiss, and oppose Judge Stark's motion to dismiss. (D.I. 22, 26, 27)

---

[15]During the pendency of this litigation, plaintiffs filed a motion for injunctive relief, denied by the court on March 14, 2011. Therein, plaintiffs asked the court to enjoin enforcement of Judge Stark's December 23, 2010 order in Civ. No. 10-199-LPS for want of jurisdiction; Judge Stark's January 10, 2011 order denying as moot the addition post-remand motions, former Chancellor Chandler's January 3, 2011 scheduling order; and former Chancellor Chandler's February 25, 2011 reassignment of the case to Vice Chancellor Laster. (*See* D.I. 12, 21)

## III. STANDARDS OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### B. Fed. R. Civ. P. 12(b)(5)

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. Rule 4(m) states that, "[i]f service of the summons and complaint is not made upon a defendant

6

within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action." Fed. R. Civ. P. 4(m). The rule goes on the state that, "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services, Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

### C. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." "In deciding a motion to dismiss all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A plaintiff is required, by Fed. R. Civ. P. 8(a)(2), to provide the "grounds of his entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation and internal quotation

marks omitted). Because Plaintiffs proceed *pro se*, the court construes their complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

### A. District Judge's Jurisdiction over another District Judge

Initially, the court notes that plaintiffs' motion for injunctive relief, denied on March 14, 2011, seeks injunctive relief identical to that in the complaint. Plaintiffs asks this court to enjoin rulings Judge Stark entered in Civ. No. 10-199-LPS. The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction. *Dhalluin v. McKibben*, 682 F.Supp. 1096, 1097 (D. Nev. 1988); accord *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 n.16 (5th Cir. 2006). Even a chief district judge does not have the authority to disturb or alter the decisions of other district court judges. *In re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997) ("[T]he chief judge cannot sit as a quasi-appellate court and review the decisions of other judges in the district court").

Plaintiffs cannot pursue a claim against a judge who presided over their prior case merely because they believe that he decided their claims incorrectly. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991) ("Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'") (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).

8

## B. Abstention

As discussed above, plaintiffs' motion for injunctive relief, denied on March 14, 2011, seeks injunctive relief identical to that in the complaint. To the extent that plaintiffs seek injunctive relief from former Chancellor Chandler's orders, the court must abstain. Recent filings by plaintiffs indicate that, while the State court case is closed by reason of an April 26, 2011 judgment, matters continue to be litigated. As recently as December 19, 2011, the Court of Chancery entered a show cause order for Smith to show cause by January 3, 2012 why he should not be held in contempt of the April 26, 2011 final judgment. (See Civ. No. 11-329-SLR. D.I. 19 at exs. B-4, B-5, B-6). Its disposition is unknown. In addition, following a Rule 60(a) filed by Meyers, the Court of Chancery entered a corrected order and final judgment on February 8, 2012. (Id. at D.I. 20, exs. A, B)

The Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. See Becker v. Evans, 496 F.Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); Clark v. United States Bank Nat'l Ass'n, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin

9

state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted).

In addition, abstention is implicated by reason of *Younger v. Harris*, 401 U.S. 37 (1971). The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings and applies to proceedings until all appellate remedies have been exhausted. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

Three requirements must be met for the application of the *Younger* doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state proceeding which implicates important state interests; and (3) an ongoing state proceeding which presents an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.* at 431-432. Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

In this case, it appears that there is an ongoing state judicial proceeding. The second prong of the test asks whether the state proceedings implicate important state interests. In considering this prong of the test, our appellate court has held that where the other elements of the test are met, neither injunctive nor declaratory relief will be available "in cases in which the federal relief would render the state court's orders or

judgments nugatory." *Schall v. Joyce*, 885 F.2d 101, 108 (3d Cir. 1989). It is evident from the allegations in the complaint that plaintiffs request this court to vacate or stop the enforcement of orders entered by former Chancellor Chandler. Any relief that could be granted by the district court would directly impact Delaware's interest in protecting the authority of its judicial system, as the relief would necessarily be predicated on a determination that the State court orders were in error. Were the district court to make this determination, it would in essence be "substitut[ing] itself for the State's appellate courts," *Huffman v. Pursue*, 420 U.S. at 609, which would "result [ ] in duplicative legal proceedings" and could "readily be interpreted 'as reflecting negatively upon the state court's ability to enforce constitutional principles,'" *id.* at 604 (quoting *Steffel v. Thompson*, 415 U.S. 452, 462 (1974)); *see Brooks-McCollum v. Delaware*, 213 F. App'x 92, 95 (3d Cir. 2007) (not published).

Accordingly, the state proceeding implicates the important state interest of preserving the authority of the state's judicial system. Based upon the foregoing, under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction over plaintiffs' claims, and the complaint must be dismissed.

In the alternative, the court finds that the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over plaintiffs' request, which effectively seeks to vacate orders of the Court of Chancery of the State of Delaware. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S.

11

459, 460 (2006) (citations omitted). The *Rooker-Feldman* doctrine bars plaintiffs' claim because the relief they seek would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). Here, plaintiffs challenge orders entered by former Chancellor Chandler in the Court of Chancery. Thus, plaintiffs ask this court to determine that the state court orders were erroneously entered and to grant relief in the form of an injunction to prevent the Court of Chancery from enforcing its orders. This court does not have the power to grant such a request. Because the court does not have subject matter jurisdiction over this case, it will be dismissed.

### C. Absolute Judicial Immunity

Judge Stark is a judicial officer. Judge Stark moves for dismissal on the grounds of judicial immunity. Former Chancellor Chandler does not address the issue of judicial immunity but, nonetheless, immunity applies equally to acts taken by him while he served as a chancellor. *See Grove v. Rizzolo*, 441 F.2d 1153, 1154 (3d Cir. 1971) (former county judge protected by the doctrine of judicial immunity). Judges are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from

12

suit, not merely from an ultimate assessment of damages. *Mireles*, 502 U.S. at 11. A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles*, 502 U.S. at 11-12, or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Plaintiffs allege that Judge Stark lacked jurisdiction to issue certain post-remand orders in Civ. No. 10-199-LPS and that former Chancellor Chandler lacked jurisdiction to enter orders in the State case following remand. Plaintiffs' positions are not based upon the law and are specious. Even after the remand order in Civ. No. 10-199-LPS, plaintiffs continued to file motions. As a matter of housekeeping, Judge Stark ruled on the numerous motions. Although a federal court "may consider collateral issues after an action is no longer pending," it is obvious that plaintiffs' motions were duplicative and frivolous when the case had been remanded to State court. *See Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1256 (3d Cir. 1996) (quoting *Coote & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). Upon remand, former Chancellor Chandler appropriately entered orders in an effort to move the State case to resolution.

The allegations refer to acts performed by Judge Stark and former Chancellor Chandler within the scope of their judicial duties. Thus, Judge Stark, as a judicial officer,

13

and former Chancellor Chandler, a judicial officer during the relevant time period, enjoy absolute immunity from plaintiffs' suit against them. Accordingly, the court will grant the motions to dismiss.[16]

D. Service

Meyers moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds that she was never properly served as required by Rule 4(e) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion.

Rule 4(m) states that, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action." Fed. R. Civ. P. 4(m). Rule 4(e) provides that service upon an individual within a judicial district of the United States may be made by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[16]Former Chancellor Chandler moves for dismissal on the grounds that this court lacks subject matter jurisdiction and under the doctrine of res judicata, noting that the same issues were addressed by the court in Civ. No. 10-199-LPS.

14

Fed. R. Civ. P. 4(e). Delaware has laws similar to the Federal Rules of Civil Procedure for service of process. See *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 502-03 (D. Del. 2007). While Fed. R. Civ. P. 5 permits certain papers and pleadings to be served on the party's attorney, it is no substitute for effecting proper service upon a defendant pursuant to Rule 4. See *Breitigan v. State of Delaware*, 2003 WL 21663676 (D. Del. July 16, 2003).

Meyers was not served with a copy of the amended complaint. Meyers' attorney, William J. Dunne, received a copy of the amended complaint but, at the time, had yet to enter his appearance on behalf of Meyers. Plaintiffs move to strike Meyers' motion to dismiss and respond that, when Meyers filed her motion to dismiss on March 30, 2011, they had approximately sixty-three days to serve her. In addition, they attempted to make a distinction between Meyers as a "nominal" defendant versus Meyers as a defendant. Plaintiffs indicate in their opposition that they will have Meyers served "immediately or as soon as possible." (D.I. 27)

Plaintiffs filed their complaint on February 9, 2011. At the time of filing, they received a copy of Rule 4 of the Federal Rules of Civil Procedure and Smith signed the acknowledgment which states that he "understand(s) that it is (his) responsibility to make service of process on Defendants in accordance" with Rule 4. (D.I. 1, Attach. 2) A review of the court docket reveals that while plaintiffs requested issuance of summons for Dunne, they did not request issuance of summons for Meyers. More than 120 days have passed, yet plaintiffs failed to seek issuance of a summons for Meyers and there has been no service of the summons and complaint upon her despite plaintiffs'

15

representations on April 7, 2011 that she would be served immediately or as soon as possible. Meyers has never been served and, therefore, the court will grant her motion to dismiss for failure to serve.

## V. CONCLUSION

For the above reasons, the court will grant the motions to dismiss and will deny the motions to strike.

An appropriate order follows.